1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

IN RE:

10

ALAN J. DIOLATA and REGINA C.
DIOLATA,

11

12

Debtor(s).

13

_____

14

ALAN J. DIOLATA and REGINA C.
DIOLATA,

15

Plaintiff,

16

vs.

17

18

SALLIE MAE, INC., and/or its successors
and assigns; AMERICAN EDUCATION
SERVICES, LLC., and/or its successors and
assigns; FIRST MARBLEHEAD
CORPORATION, and/or its successors and
assigns; GREAT LAKES EDUCATIONAL
LOANS SERVICES, INC., and/or its
successors and assigns; CHASE AUTO
FINANCE CORPORATION, and/or its
successors and assigns; DEVRY
UNIVERSITY, and/or its successors and
assigns; EDUCATIONAL CREDIT
MANAGEMENT CORPORATION, and/or
its successors and assigns; CA STUDENT
AID COMMISSION, and/or its successors
and assigns; US DEPARTMENT OF
EDUCATION and/or its successors and
assigns; BANK OF NEW YORK-MELLON,
and/or its successors and assigns; USA
FUNDS, INC., and/or its successors and

19

20

21

22

23

24

25

26

27

Case No.  10-12650-SJS

Adversary No. 10-01484-SJS

CHAPTER 7

*AMENDED* COMPLAINT TO
DETERMINE DISCHARGEABILITY
OF EDUCATIONAL LOAN DEBTS

AMENDED COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOAN
DEBTS - 1
(09-16961-SJS)
000037

assigns; NATIONAL STUDENT LOAN PROGRAM, and/or its successors and assigns; INTERNATIONAL ACADEMY OF DESIGN AND TECHNOLOGY; and/or its successors and assigns

Defendants.

Debtor-Plaintiffs Alan J. Diolata and Regina C. Diolata ("Debtor-Plaintiffs"), by and through their attorneys, Christina Latta Henry and Seattle Debt Law, LLC, allege as follows:

## I.    JURISDICTION AND VENUE

1.1    This adversary proceeding is brought pursuant to Rules 4001 and 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 523(a)(8)(A).

1.2    This court has subject matter jurisdiction over this adversary proceeding to 28 U.S.C. §§ 157 and 1334.

1.3    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

1.4    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.    PARTIES

2.1    Debtors are Washington State residents who currently reside in the city of Auburn in King County, Washington.

2.2    Defendant Sallie Mae, Inc. ("Sallie Mae") provides financial aid for postsecondary education and training.

2.3    Defendant American Education Services, LLC ("AES") guarantees and services Federal and private student loan products.

2.4.    Defendant First Marblehead Corporation ("Marblehead") provides financial aid for postsecondary education and training.

AMENDED COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOAN
DEBTS - 2
(09-16961-SJS)
000037

**SEATTLE DEBT LAW, LLC**
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON  98104
telephone (206) 324-6677
fax (206) 447-0115

2.5     Defendant Great Lakes Educational Loans Services, Inc. ("Lakes") guarantees

and services Federal and private student loan products.

2.6     Defendant DeVry University, Inc. ("DeVry"), doing business as the Keller School

of Management ("Keller"), is a private, for-profit institution of higher education incorporated in

the State of Illinois and licensed to do business in Washington.

2.7.    Defendant Educational Credit Management Corporation ("ECMC") is a private,

for-profit institution of higher education and operates the Art Institute of Seattle ("Institute").

2.8     Defendant CA Student Aid Commission ("Student") guarantees and services

Federal and private student loan products.

2.9     Defendant US Department of Education ("Department") guarantees and services

Federal and private student loan products.

2.10    Defendant Bank of New York-Mellon ("Mellon") guarantees and services Federal

and private student loan products.

2.11    Defendant USA Funds, Inc. ("Funds") guarantees and services Federal and

private student loan products.

2.12    Defendant National Student Loan Program ("National") guarantees and services

Federal and private student loan products.

2.13    Defendant International Academy of Design and Technology ("Academy") is a

private, for-profit institution of higher education.

### III.     APPLICABLE LAW

3.1     The substantive rights of the parties in this proceeding are governed by

Title 11 of the U.S. Code (hereinafter the "Bankruptcy Code"), the laws of the State of

Washington, to the extent that law is not displaced by the Bankruptcy Code, and other Federal

AMENDED COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOAN
DEBTS - 3
(09-16961-SJS)
000037

**SEATTLE DEBT LAW, LLC**
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON  98104
telephone (206) 324-6677
fax (206) 447-0115

law.

## IV.    FACTS

4.1    Debtor-Plaintiff Alan J. Diolata and Debtor-Plaintiff Regina C. Diolata were married on August 1, 1997. They have two children, ages 10 and 12.

4.2.    Debtor-Plaintiff  Alan J. Diolata applied for and incurred student loan obligations with Defendants in order to pay his tuition at DeVry in 2006.

4.3.    Debtor-Plaintiff Regina C. Diolata applied for and incurred student loan obligations with Defendants Sallie Mae and AES in order to pay her tuition while attending the Art Institute of Seattle in 2004. During her second year, she transferred to the Academy.

4.4    Despite incurring substantial amounts of debts, Debtors do not recall receiving loan counseling from Defendants.

4.5    Debtors' decision to enroll in higher education was heavily influenced by Devry, Keller, Institute, and Academy's claims that Debtors' earning potential from successfully completing their respective courses of study would range from $35,000.00 to $45,000.00 per annum. Debtors hoped advanced degrees would result in a higher standard of living for both their children and each other. Unfortunately, such claims never materialized.

4.6    Despite their status as full-time students, Debtors both worked multiple jobs to defray expenses. Debtor-Plaintiff Alan Diolata worked first at DHL Worldwide Express from 1997 to 2005, and then at Alaska Airlines from 2005-2006. Debtor-Plaintiff Regina Diolata worked at a paid internship from September 2007 to July 2008.

4.7    Debtor-Plaintiff Alan Diolata graduated from Devry in 2006 with a Bachelor of Science in Technical Management degree and a certificate in Project Management.  He hoped to find a job with a steady source of income but could only find contract work in a depressed

AMENDED COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOAN
DEBTS - 4
(09-16961-SJS)
000037

**SEATTLE DEBT LAW,** LLC
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON  98104
telephone (206) 324-6677
fax (206) 447-0115

economy. Debtor found work to the best of his ability with multiple companies from 2006 to 2009 but never held a salaried position.

4.8     Debtor-Plaintiff Alan Diolata  matriculated at Keller in 2006, hoping to acquire a Masters in Business Administration, but due to deteriorating finances, could not afford to complete the course of study.

4.9     Debtor-Plaintiff Alan J. Diolata currently serves as a contractor for Parker Staffing Services, LLC, ("Parker").  His income is highly inconsistent and contingent on whether Parker staffs him on a project with one of its clients.  As a contractor, he receives no benefits or healthcare insurance.  While he believes his education helped him in past projects, he does not anticipate his earning potential increasing markedly for the next fifteen years.

4.10     Debtor-Plaintiff Regina C. Diolata graduated from Academy in 2008 with a Bachelor of Fine Arts degree, specializing in Fashion Design. She hoped to find work in the fashion industry but had no success in the depressed economy.

4.11     Debtor-Plaintiff Regina C. Diolata is currently employed at Nordstrom, Inc. ("Nordstrom"), as a Retail Associate.  Her income is commission-based and varies unpredictably from month-to-month.  Whether she receives benefits or not, including healthcare, is contingent on her gross income reaching a minimum amount.  Consequently, she cannot predict whether she will receive benefits on any given month.  She does not utilize her education in her current position, and she does not anticipate a promotion within Nordstrom, or the opportunity for alternative employment, for the foreseeable future.

4.12     As a result, Debtors cannot afford health insurance for their children. Likewise, they cannot afford to pay for extracurricular activities or independent childcare.

4.12     The monthly mortgage payment for the family home is $1300. There are also utility

**SEATTLE DEBT LAW, LLC**
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON  98104
telephone (206) 324-6677
fax (206) 447-0115

bills and home maintenance associated with the home. Although Debtors have made payments to the best of their ability, because of their excessive obligations, Debtors have ceased payments on their mortgage for their residence. They anticipate surrendering their residence during their bankruptcy.

4.13. Debtors filed a Chapter 7 petition on March 10, 2010 in the U.S. Bankruptcy Court in the Western District of Washington (Seattle). According to the Claims Register for Debtors' Chapter 7 Bankruptcy petition (Bankruptcy Petition No. 10-12650-SJS), the total amount of Debtors' known student loan obligations is $377,497.07.

4.13 Debtor-Plaintiff Alan C. Diolata consolidated his loans in an attempt to reduce and meet his monthly payments. However, Debtors' monthly payments remain prohibitively high.

4.14 Due to the foregoing issues – low income; difficulties finding work with the degree earned; infrequent and uncertain work schedules; lack of benefits or healthcare; and excessive obligations, including anticipated loss of residence – the Debtors have never had the ability make payments on their student loans to Defendants. They have called the Defendants many times and have used all the forbearances and hardships they are entitled to. They have always remained in contact with the Defendants. They are and have been candid about their situation. It is not feasible for Debtors to repay their student loan obligations while maintaining a minimal standard of living for themselves or their dependents.

4.15 Based on the foregoing, the Debtors will never be able to significantly pay down the principle balances of the loans.

## V. COUNT I: DISCHARGEABILITY OF DEBT UNDER § 523(a)(8)(A)

5.1 Debtor-Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

AMENDED COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOAN
DEBTS - 6
(09-16961-SJS)
000037

SEATTLE DEBT LAW, LLC
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

5.2   Debtor-Plaintiffs cannot, based on current income and expenses, maintain a "minimal" standard of living for themselves or their dependents if forced to repay their education loans to Defendants.

5.3   Moreover, this situation is likely to persist for a significant portion of the repayment period of the educational loans.

5.4   Debtor-Plaintiffs have exhibited good faith in their efforts to repay their loans.

5.5   Therefore, Debtor-Plaintiffs' educational loans are properly dischargeable under the Bankruptcy Code.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Debtor-Plaintiffs Alan J. Diolata and Regina C. Diolata respectfully pray for the following relief:

6.1   That their educational loans with Defendants are totally dischargeable under § 523(a)(8)(A);

6.2   In the alternative, that their educational loans with Defendants are partially dischargeable under § 523(a)(8)(A); and

6.3   For such other and further relief as the Court may deem just.

DATED this 19th day of August, 2010.

SEATTLE DEBT LAW, LLC

SEATTLE DEBT LAW, LLC
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

_/s/Christina Latta Henry_
Christina Latta Henry, WSBA #31237
Attorneys for Debtor-Plaintiff

AMENDED COMPLAINT TO DETERMINE
DISCHARGEABILITY OF EDUCATIONAL LOAN
DEBTS - 8
(09-16961-SJS)
000037

**SEATTLE DEBT LAW, LLC**
705 SECOND, SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115