|   |   |   |
|---|---|---|
| | | Honorable Judge Samuel J. Steiner<br>Chapter 7 |

UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT
OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>ALAN J. DIOLATA and REGINA C. DIOLATA,<br><br>    Debtors.<br>_____<br><br>ALAN J. DIOLATA and REGINA C. DIOLATA,<br><br>    Plaintiffs,<br><br>    v.<br><br>SALLIE MAE, INC., and/or its successors and assigns; AMERICAN EDUCATION SERVICES LLC, and/or its successors and assigns; FIRST MARBLEHEAD CORPORATION, and/or its successors and assigns; **GREAT LAKES EDUCATIONAL LOANS SERVICES INC.**, and/or its successors and assigns; CHASE AUTO FINANCE CORPORATION, and/or its successors and assigns; DEVRY UNIVERSITY, and/or its successors and assigns; EDUCATION MANAGEMENT CORPORATION, and/or its successors and assigns; CA STUDENT AID COMMISSION, and/or its successors and assigns; US DEPARTMENT OF EDUCATION, and/or its successors and assigns; BANK OF NEW YORK MELLON, and/or its successors and assigns; USA FUNDS INC., and/or its successors and assigns; NATIONAL STUDENT LOAN PROGRAM, and/or its successors and assigns; INTERNATIONAL ACADEMY OF DESIGN AND TECHNOLOGY and/or its successors and assigns;<br><br>    Defendants.<br>_____ | Case No. 10-12650-SJS<br><br><br><br>Adv. Pro. No. 10-01484-SJS<br><br><br><br>ANSWER OF TEXAS GUARANTEED STUDENT LOAN CORPORATION |

ANSWER OF TSG - 1
#772012 v1 / 33328-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Texas Guaranteed Student Loan Corporation ("**TGS**") hereby submits its answer to the amended complaint filed by Alan J. Diolata and Regina C. Diolata ("Plaintiffs") to determine dischargeability of educational loan debts (the "Complaint"):

## I. JURISDICTION, VENUE AND PARTIES

1.1 TGS denies that Rule 4001 applies to this adversary. Except as denied, TGS admits the remaining allegations set forth in paragraph 1.1 of the Complaint.

1.2 TGS admits the allegations set forth in paragraph 1.2 of the Complaint.

1.3 TGS admits the allegations set forth in paragraph 1.3 of the Complaint.

1.4 TGS admits the allegations set forth in paragraph 1.4 of the Complaint.

## II. PARTIES

2.1 As to the allegations set forth in paragraph 2.1 of the Complaint, TGS states that it is without sufficient knowledge to admit or deny the allegations and therefore denies the same.

2.2 As to the allegations set forth in paragraphs 2.2 through 2.4 of the Complaint, TGS states that it is without sufficient knowledge to admit or deny the allegations and therefore denies the same.

2.3 As to the allegations set forth in paragraph 2.5 TGS admits the allegations set forth in paragraph 2.3 of the Complaint as it pertains to Great Lakes Educational Loan Services, Inc. ("GLELS") servicing student loans, but denies the remaining allegation which identifies GLELS as a guarantor. TSG further states that it is a public, nonprofit corporation and the guarantor, and current holder of a student loan incurred by plaintiff Alan J. Diolata through the Federal Family Education Loan Program, and described as follows:

| Guaranty Amount | Guaranty Date | School: | Loan Period: |
|---|---|---|---|
| $7,680.00 | 1/26/09 | Keller Graduate School of Management | 10/27/08 to 06/21/09 |

2.4    As to the allegations set forth in paragraphs 2.6 through 2.13 of the Complaint, TGS states that it is without sufficient knowledge to admit or deny the allegations and therefore denies the same.

### III.   APPLICABLE LAW

3.1    TGS admits the allegations set forth in paragraph 3.1 of the Complaint.

### IV.   FACTUAL ALLEGATIONS

4.1    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.1 of the Complaint and therefore denies the same.

4.2    TGS denies the allegations set forth in paragraph 4.2 of the Complaint as they relate to the student loans incurred by Plaintiff Mr. Diolata and which were guaranteed by TGS, and refers Plaintiffs to paragraph 2.3 above, TGS further states that it is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 4.2 of the Complaint and therefore denies the same.

4.3    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.3 of the Complaint and therefore denies the same.

4.4    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.4 of the Complaint and therefore denies the same.

4.5    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.5 of the Complaint and therefore denies the same.

4.6    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.6 of the Complaint and therefore denies the same.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

4.7    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.7 of the Complaint and therefore denies the same.

4.8    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.8 of the Complaint and therefore denies the same.

4.9    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.9 of the Complaint and therefore denies the same.

4.10    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.10 of the Complaint and therefore denies the same.

4.11    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.11 of the Complaint and therefore denies the same.

4.12    TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.12 of the Complaint and therefore denies the same.

4.13    TGS admits the allegations set forth in paragraph 4.13 of the Complaint.

4.14    TGS denies the allegations set forth in paragraph 4.14 (marked as a second paragraph 4.13) of the Complaint.

4.15    TGS admits the allegations set forth in paragraph 4.15 (marked as paragraph 4.14) of the Complaint which states that the Debtors have never made payments on their student loans as that relates to the loan TGS guaranteed. TGS further states that student loan borrowers are not entitled to forbearance (34 CFR 682.211). TGS is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.15 (marked as paragraph 4.14) of the Complaint and therefore denies the same.

4.16    TGS denies the allegations set forth in paragraph 4.16 (marked as paragraph 4.15) of the Complaint.

ANSWER OF TSG - 4
#772012 v1 / 33328-003

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

# V. PLAINTIFF'S THEORIES OF LIABILITY AN DISCHARGE

5.1 TGS repeats and realleges its responses to the foregoing paragraphs.

5.2 Answering paragraphs 5.2 through 5.5 of the Complaint, TGS submits that such paragraphs state conclusions of law to which no answer is required. To the extent the Court requires an answer, TGS denies the allegations set forth in paragraphs 5.2 through 5.5 of the Complaint.

# VI. TGS'S AFFIRMATIVE DEFENSES

Further answering the Plaintiff's Complaint, TGS by way of affirmative defense states and alleges as follows:

6.1 The Plaintiffs do not meet the undue hardship standard under the *Brunner* test. *United Student Aid Funds, Inc. v. Pena*, 155 F.3d 1108 (9th Cir. 1998) (citing *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987)). Specifically, TGS believes the Plaintiffs: (a) cannot prove that they would be unable to maintain a minimal standard of living if forced to repay their student loan obligations; (b) cannot prove additional circumstances exist which would indicate their state of affairs is likely to persist for a significant period of time; and (c) have already stated that they made no payment on their student loan debt (see paragraph marked 4.14 of the Complaint) and therefore cannot prove a good faith effort to repay the student loan obligations.

6.2 The Plaintiffs Complaint fails to state with particularity the grounds upon which the student loan obligations should be discharged.

6.3 The Plaintiffs have failed to mitigate their damages.

6.4 The Plaintiffs Complaint fails to state a claim against TGS upon which relief can be granted.

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

6.5     Defendant TGS expressly reserves the right to add additional affirmative defenses as appropriate.

### VII  TGS'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained in Plaintiffs Complaint, Defendant TGS requests that the court grant the following relief:

1. That the relief sought by the Plaintiffs be denied.

2. That the student loan debt incurred by the Plaintiff(s) and held by TGS be found to be nondischargeable in its entirety.

3. That the Court enter judgment in favor of TGS for the total amount due and owing on the student loan it holds, which amounts shall be proven at trial or by stipulation of the parties after further investigation.

4. Any further relief that this Court may deem just and proper.

DATED this 7th day of October, 2010.

*[signature]*
Michaelanne Ehrenberg, WSBA #25615
Daniel J. Bugbee, WSBA #42412
Of Karr Tuttle Campbell
Attorneys for Texas Guaranteed Student Loan Corporation
1201 Third Avenue, Suite 2900
Seattle, WA  98101
Phone:  (206) 223-1313
Fax: (206) 682-7100

ANSWER OF TSG - 6
#772012 v1 / 33328-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# DECLARATION OF SERVICE

I, Marti J. Munhall, declare as follows:

I am an employee of Karr Tuttle Campbell. On October 7, 2010, I caused to be served, to the party, and using the method shown below, a true and correct copy of the foregoing ANSWER OF TEXAS GUARANTEED STUDENT LOAN CORPORATION, to:

| | |
|---|---|
| Alan J. Diolata and Regina C. Diolata<br>c/o Christina Latta Henry | Via CM/ECF: chenry@seattledebtlaw.com,<br>tshim@seattledebtlaw.com;<br>ign@seattledebtlaw.com;<br>cnightingale@seattledebtlaw.com;<br>awong@seattledebtlaw.com |
| Sallie Mae, Inc.<br>c/o Christine Ford | Via CM/ECF: ECF@cfordlaw.com<br>christine@cfordlaw.com |
| JP Morgan Chase Bank NA<br>c/o Stephen A Bernheim | Via CM/ECF: steve@stevebernheim.com<br>sherri@stevebernheim.com |
| ECMC<br>c/o Michaelanne Ehrenberg,<br>Daniel J Bugbee | Via CM/ECF: dbugbee@karrtuttle.com<br>nrandall@karrtuttle.com;<br>jsmith@karrtuttle.com<br>mehrenberg@karrtuttle.com,<br>rmoreau@karrtuttle.com;<br>mmunhall@karrtuttle.com |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED at Seattle, Washington this 7th day of October, 2010.

_____
Marti J. Munhall

ANSWER OF TSG - 7
#772012 v1 / 33328-003

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**